### RILEY v. UNITED STATES.
### No. 502.

United States Court of Claims.
June 8, 1954.

Jeremiah T. Riley, pro se.

Paris T. Houston, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before us on motions for summary judgment by plaintiff and defendant.

Plaintiff alleges that he was an employee of the Select Committee on Small Business of the House of Representatives, 82d Congress, and that on December 20, 1952, before the expiration of the 82d Congress, the Executive Director of the committee, one Victor P. Dalmas, requested him to remain with the committee for a month or two after the incoming of the 83d Congress, and that Mr. Dalmas represented to him that Representative Hill had given him assurance that such an arrangement would be satisfactory with the new committee, and he says he actually rendered service during the month of January with the knowledge of Representative Hill. He sues for his salary during that month.

A select committee, as distinguished from a standing committee, is *functus officio* not later than the close of the session at which it was appointed. On the last day of the session there is no longer such a committee, and hence, no member of the old committee has any authority to bind any new committee that may be created by the incoming Congress. See Hinds, Precedents, vol. IV, sec. 4539; and Cannon's Procedure in the House of Representatives, pages 81, 85 (House Doc. No. 562, 82d Cong. 2d Sess.).

The 82d Congress was controlled by the Democratic Party; the 83d Congress, by the Republican Party. Representative Hill was the ranking Republican member of this committee in the 82d Congress, and would become the Chairman of any such committee appointed by the 83d Congress if still living and if he wanted the place, unless all precedent was shattered. The 83d Congress on February 3, 1953, recreated the Committee on Small Business, retroactively to the beginning of the session on January 3, 1953. On February 4, 1953, Congress appropriated money to pay its expenses, effective January 3, 1953. Representative Hill was selected as Chairman of the new committee.

In the interim, Representative Hill had requested four members of the staff of the old committee to remain at their jobs, with the assurance that he would protect their interests so far as possible. They did remain. The committee approved the action of Representative Hill, and these members of the staff were paid their salaries from January 3, 1953 until their subsequent separation from the committee.

Plaintiff was not one of these four. Representative Hill did not request him to remain on duty. Plaintiff does not claim that he did. The extent of his claim is that the Executive Director of the old committee asked him to remain and told him that Representative Hill had told him that this would be all right with the new committee. Representative Hill denies this. Nor does the affidavit of Mr. Dalmas, the Executive Director, support it. This affidavit was filed by plaintiff. At any rate, plaintiff's alleged appointment was never ratified by the committee.

The want of ratification is sufficient to defeat plaintiff's claim, because no one had authority to bind a committee that had not even been created. At the time of Mr. Dalmas' conversation with plaintiff, he was wholly without authority to commit the new committee, if one should be appointed. He was an employee of a dying committee, which committee had no authority to bind any new committee which might or might not be created by the incoming Congress. Much less did an employee of that moribund committee have authority to bind the new committee.

Plaintiff says Mr. Dalmas told him he got his authority from Representative Hill. Aside from Representative Hill's denial, it is a recognized law of agency that agency cannot be proved by the declarations of the agent, in the absence of proof of authority so to do by someone other than the agent himself. Restatement of the Law, Agency, sec. 285. But even if Representative Hill had given Mr. Dalmas the alleged authority, he did so before the committee was ever created and, therefore, when he had no power to vest any one else with authority to bind the new committee; and even if he had given Mr. Dalmas this authority, it was not ratified by the committee after it had been created and its members appointed. In the absence of ratification, any statements or acts of Representative Hill are not binding on the new committee. Plaintiff's petition contains no allegation of ratification.

Plaintiff's motion for summary judgment, therefore, must be denied, and his petition dismissed. Defendant's cross motion must be granted.

It is so ordered.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.

LARAMORE, Judge, took no part in the consideration or decision of this case.